IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TERENCE LEE BRITT,<br><br>        Plaintiff,<br><br>  v.<br><br>DOUGLAS BANKS and STATE OF NEW JERSEY DEPARTMENT OF CHILDREN & FAMILIES,<br><br>        Defendants. | Civil No. 19-270 (RMB/JS)<br><br>**ORDER** |

      Before the Court is Defendants' Motion to Vacate the Clerk's Entry of Default [Docket # 11], which the Court construes as opposition to Plaintiff's Motion for Default Judgment [Docket # 10]. Assuming arguendo, for purposes of these motions only, that Defendants were properly served with process, and that the Clerk properly entered default pursuant to Fed. R. Civ. P. 55(a), Defendants' counsel nonetheless asserts that Defendants' technical default was the result of nothing more than excusable neglect. Default judgment is generally disfavored in the Third Circuit, which prefers to decide cases on the merits. See, e.g., Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 2004). Whether default judgment is proper depends on (1) whether a plaintiff will be prejudiced if default is not granted, (2) whether a defendant has a meritorious defense, and (3) whether the defendant's delay is the result of culpable

misconduct, as opposed to mere excusable neglect. Butler v. Pennsylvania Bd. of Prob. & Parole, 613 F. App'x 119, 122 (3d Cir. 2015) (quoting Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)).

As the declaration of Francis A. Raso [Docket # 11, Attach. # 2] adequately explains, Defense Counsel's delay in this case was due to "several pressing matters, including motion practice, briefs, depositions, oral arguments, . . . trial preparations, . . . an ongoing medical issue," and an ongoing trial. [Id. ¶¶ 10-11.] The Court thus finds that Defendants have sufficiently established excusable neglect. Further, Plaintiff, in his opposition to Defendants' motion, does not assert that he has suffered any prejudice from the Defendants' default, and the Court discerns no prejudice. Accordingly, the Court holds that Defendants have satisfied their burden to demonstrate adequate grounds to vacate entry of default against them. This has the effect of rendering Plaintiff's Motion for Default Judgment moot. Therefore,

IT IS on this **13th** day of **September, 2019**, hereby:

ORDERED that Defendant's Motion to Vacate the Clerk's Entry of Default [Docket # 11] is GRANTED; and it is further

ORDERED that Plaintiff's Motion for Default Judgment [Docket # 10] is DENIED AS MOOT; and it is further

ORDERED that Defendants' Motion to Dismiss [Docket # 12] is hereby accepted as if it had been timely filed; and it is further

ORDERED that Plaintiff shall file his response to the pending Motion to Dismiss [Docket # 12] within 14 days from the date of this Order.

<pre>
                         s/Renée Marie Bumb
                         RENÉE MARIE BUMB
                         United States District Judge
</pre>