IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TERRENCE-LEE BRITT,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS BANKS, STATE OF NEW JERSEY, DEPARTMENT OF CHILDREN AND FAMILIES,<br><br>    Defendants. | HONORABLE RENÉE MARIE BUMB<br><br>Civil Action<br>No. 19-270(RMB/KMW)<br><br>**OPINION** |

**BUMB, District Judge**

**I.    INTRODUCTION**

This matter comes before the Court on the Motion to Dismiss brought by Defendants Douglas Banks, the State of New Jersey, and the New Jersey Department of Children and Families. (Docket Item 12.) Defendants seek to dismiss all claims of pro se Plaintiff Terrence-Lee Britt's Complaint, which alleges retaliation (Count I) and "unequal/unfair treatment" (Count II), both of which Plaintiff claims led to "undue emotional, physical[,] and mental trauma." (Docket Item 1.) Plaintiff has not filed a brief in opposition. Plaintiff seeks both money damages and injunctive relief. As explained more fully below, the Eleventh Amendment bars a plaintiff from receiving money damages from a State defendant in Federal Court. Prospective injunctive relief is also unavailable in this case. Therefore, Defendants' Motion to Dismiss shall be

granted.

**II.    BACKGROUND**

Plaintiff alleges that in or about March or April 2018, he filed a suit against Defendants (his employer) because they had violated his rights under the Americans with Disabilities Act ("ADA"). (Id. at 1.) Plaintiff alleges that, because of that suit, Defendant Banks denied Plaintiff the right to present a witness at an unrelated November 2018 disciplinary hearing, at which Plaintiff was an appellant. (Id. at 1-2.) Plaintiff alleges no further details about the hearing or the circumstances surrounding it other than to state that it is "common that one can use any witness that one would feel fit to help in their defense" at such a hearing. (Id. at 1.) Plaintiff alleges that he is the only individual to whom Defendant Banks has denied the utilization of a witness. (Id. at 2.)

Plaintiff alleges that he was suspended after the hearing. (Id. at 1-2.) According to Plaintiff, Defendant Banks first levied a 90-day suspension on Plaintiff, which constituted "unequal/unfair treatment as there are other employees whose actions were similar, exact[,] and/or worse than [Plaintiff's]," but who did not receive such harsh punishments. (Id. at 2.) Plaintiff also alleges that on or about January 2, 2018, Defendant Banks issued Plaintiff a notice of disciplinary action that suspended Plaintiff for 30 days. (Id.) Plaintiff alleges that this

"is not consistent with Defendants' suspension standards which have been always followed." (Id.) Plaintiff alleges that the above actions constituted abuse of authority on Defendant Banks's part, which caused Plaintiff to suffer emotional, physical, and mental trauma. (Id.) Plaintiff seeks both money damages and injunctive relief. (Id. at 1-2.)

**III.     STANDARD OF REVIEW**

Defendants bring this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Claims are facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" will not survive a motion to dismiss. Id. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (alteration in

3

original) (citations omitted) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The district court must "accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [must] construe them in a light most favorable to the non-movant." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)). The court may only consider the allegations in the complaint and "matters of public record, orders, exhibits attached to the complaint[,] and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). In applying this standard to pro se pleadings and other submissions, as here, the Court must liberally construe the well-pleaded allegations, and draw all reasonable inferences in favor of the pro se litigant. Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011); Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009).

**IV.     ANALYSIS**

   **A.     The Eleventh Amendment Bars Most of the Claims**

Although Defendants did not raise the Eleventh Amendment as a ground for dismissing this suit, the Court may raise the issue sua sponte. Bowers v. NCAA, 346 F.3d 402, 417 (3d Cir. 2003) (citing Parella v. Retirement Bd. of the R.I. Employees' Retirement

4

Sys., 173 F.3d 46, 54-55 (1st Cir. 1999)). The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. The United States Supreme Court has unequivocally held the Amendment to mean that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment[,] . . . regardless of the relief sought." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). This bar can sometimes extend to suits brought against state officials: if the suit is effectively a suit against the State itself, as opposed to the state official, then it will be barred. Id. at 101.

However, the bar will not apply to state officials when the suit is "challenging the constitutionality of a state official's action" and seeks injunctive relief. Id. at 102 (citing Ex parte Young, 209 U.S. 123 (1908)). As an additional requirement, such injunctive relief may only "govern[] the official's future conduct," and may not "award[] retroactive monetary relief." Id. at 102-03 (citing Edelman v. Jordan, 415 U.S. 651 (1974)).

In the case at hand, Plaintiff names the State of New Jersey and one of its agencies, the Department of Children and Families, as defendants. The Eleventh Amendment bars the suit as against

5

those Defendants, both for money damages and for injunctive relief. Therefore, the Motion to Dismiss will be granted in favor of both the State of New Jersey and the Department of Children and Families. See, e.g., Howard v. N.J. Div. of Youth & Family Servs., 398 F. App'x 807, 811-12 (3d Cir. 2010) (holding that the New Jersey Division of Youth and Family Services, a subdivision of the Department of Children and Families now known as the Division of Child Protection and Permanency, is immune from suit under the Eleventh Amendment).

Defendant Banks is being sued in his capacity as a state official. Therefore, as with the other Defendants, any claims against Banks for money damages are barred by the Eleventh Amendment.[1] However, as best as the Court can construe from the Complaint, Plaintiff is challenging the constitutionality of Banks's actions as a state official and is seeking prospective injunctive relief. Therefore, under Pennhurst, those claims are not barred by the Eleventh Amendment. The survival of those claims will be addressed below.

---

[1] To the extent that Plaintiff relies on 42 U.S.C. § 1983 for his claims for money damages, they would still be dismissed. Defendants State of New Jersey and Department of Children and Families are not "persons" as required by § 1983. 42 U.S.C. § 1983 (prohibiting certain actions by "persons"); Will v. Mich. Dep't of Police, 491 U.S. 58, 70 (1989) (reaffirming that states and state governmental entities are not "persons" under § 1983). Furthermore, Defendant Banks is not a "person" under § 1983 to the extent that he is being sued for money damages. See Hafer v. Melo, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for the purposes of the suit because they assume the identity of the government that employs them."). However, Defendant Banks is a "person" under § 1983 to the extent that Plaintiff is seeking injunctive relief. See id.

**B. Plaintiff's Claims Against Defendant Banks for Prospective Injunctive Relief**

Although Plaintiff does not specify what federal laws provide the basis for his two counts, the Court identifies three possible grounds for suit against Defendant Banks. The first claim (for retaliation) invokes the Americans with Disabilities Act. The second claim (for "unequal/unfair treatment") invokes both the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. The Court will first address whether Plaintiff's claims for prospective injunctive relief are moot. Then, as an alternative basis for granting the Motion to Dismiss, the Court will look at the merits of each of Plaintiff's remaining claims against Defendant Banks.

**1. Mootness**

Equitable relief, such as a prospective injunction, "is only available so long as there is an actual controversy among the parties." Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (quoting Jersey Cent. Power & Light Co. v. New Jersey, 772 F.2d 35, 40 (3d Cir. 1985)). The Third Circuit has held that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding [equitable] relief . . . if unaccompanied by any continuing, present adverse effects." Id. (alterations in original) (quoting O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). In other words, a claim alleging that past injuries

warrant prospective injunctive relief is typically moot. See id. However, a plaintiff might find solace in arguing that the past injury is capable of repetition yet evading review. Id. To successfully argue this exception, the plaintiff must show that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id. (quoting Spencer v. Kemna, 523 U.S. 1, 17 (1998)).

In this case, Plaintiff alleges past exposure to illegal conduct — that is, the administrative hearing procedure and his eventual suspension. However, Plaintiff's only allegation about the ongoing nature of the illegal conduct is that he "believes that Defendants[] are still committing these acts." This is far too conclusory to survive the motion to dismiss standard. Plaintiff alleges no facts whatsoever to show that the injury is ongoing.

Thus, Plaintiff would have to allege in good faith that the injury is capable of repetition yet evading review. The Court will assume arguendo that the first requirement is met here because the challenged action is too short to be fully litigated prior to its expiration and that. However, the second requirement is not met. Even accepting Plaintiff's allegations to be true and making all reasonable inferences in his favor, the Court finds that Plaintiff alleges insufficient facts that he will be subject again to the

same actions about which he complains in this suit. In fact, Plaintiff alleges no such facts. Therefore, Plaintiff's claim is not exempted from being moot by virtue of the actions being capable of repetition yet evading review. As a result, Plaintiff's claims for prospective injunctive relief as against Defendant Banks are moot. Therefore, Defendant Banks's Motion to Dismiss the claims for prospective injunctive relief will be granted.

### 2. Merits

As an alternative basis for granting Defendant Banks's Motion to Dismiss, the Court will also address the merits of Plaintiffs remaining claims for prospective injunctive relief against Defendant Banks.

### a. Retaliation Under the ADA

"A prima facie case of illegal retaliation [under the ADA] requires a showing of (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." E.E.O.C. v. Allstate Ins. Co., 778 F.3d 444, 449 (3d Cir. 2015). "Protected activity" includes filing a lawsuit against one's employer under the ADA. See 42 U.S.C. § 12203(a).

As for the causation requirement, the Third Circuit "has focused on two main factors in finding the causal link necessary for retaliation: timing and evidence of ongoing antagonism.

McGlone v. Phila. Gas Works, 733 F. App'x 606, 612 (3d Cir. 2018) (quoting Abramson v. Wm. Patterson College of N.J., 260 F.3d 265, 288 (3d Cir. 2001)). "An employee may establish a causal nexus if he shows 'unusually suggestive' temporal proximity between" the protected activity and the adverse action. Holt v. Pennsylvania, 683 F. App'x 151, 157 (3d Cir. 2017) (citing Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232 (3d Cir. 2007)). If too much time has passed to allow the finding of a causal link between the protected activity and the adverse action, "courts may [also] look to the intervening period for other evidence of retaliatory animus." Id. (quoting Farrell, 206 F.3d at 281). Such evidence can include "a pattern of ongoing antagonism, inconsistencies in the employer's justifications, or any other 'evidence gleaned from the record as a whole' that is sufficient to support an inference of retaliatory animus." Id. (quoting Farrell, 206 F. 3d at 281).

If a plaintiff states a prima facie case, then the burden shifts to the defendant to proffer a legitimate, non-retaliatory reason for the adverse employment action. Daniels, 776 F.3d at 193. Finally, if the defendant does that, then the burden shifts back to the plaintiff to show that the proffered reason is false, and that the real reason for the action was retaliation. Id.

Here, there can be no dispute that Plaintiff engaged in protected activity by filing a claim against Defendants under the ADA. The Court also finds that Plaintiff has made sufficient

10

factual allegations to show that, for the purposes of this Motion, he suffered an adverse employment decision: the alleged refusal to present a witness and Plaintiff's alleged suspension. However, even when considering the Complaint liberally and making all reasonable inferences in favor of nonmoving Plaintiff, the Court finds that the Complaint contains insufficient allegations to show a causal connection between the protected activity and the adverse action. First, because the alleged retaliation took place at least seven months after Plaintiff's protected activity, there is no "unusually suggestive temporal proximity" in this case. See Williams v. Phila. Housing Auth. Police Dep't, 380 F.3d 751, 760 (3d Cir. 2004) (finding that two months was not an unusually suggestive temporal proximity); Palen v. Alcan Packaging, 511 F. Supp. 2d 445, 449 (D.N.J. 2007) (finding that three months was not an unusually suggestive temporal proximity). Nor does Plaintiff allege any facts showing a retaliatory animus. Plaintiff merely states "labels and conclusions" in alleging that Defendant Banks's "actions are retaliatory because of Plaintiff's suit." These conclusory statements are insufficient to survive the motion to dismiss standard. Therefore, because Plaintiff fails to state a prima facie case for retaliation, Defendant Banks's Motion to Dismiss will be granted as to Plaintiff's retaliation claim.

### b. The Due Process Clause

Plaintiff's claim of "unequal/unfair treatment" could be

11

construed as a procedural due process claim brought under 42 U.S.C. § 1983. To state such a claim, a plaintiff must allege "that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty or property,' and (2) the procedures available to him did not provide 'due process of law.'" Bruce v. Port Auth., 487 F. App'x 707, 709 (3d Cir. 2012) (quoting Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006)). "To have a property interest in a job[,] a person must have more than a unilateral expectation of continued employment; rather, [he] must have a legitimate entitlement to such continued employment." Id. (alterations in original) (quoting Hill, 455 F.3d at 234). "Whether a person has a legitimate entitlement to — and hence a property interest in — his government job is a question answered by state law." Id. at 709-10 (quoting Hill, 455 F.3d at 234). "Under New Jersey state law, public employees may be discharged with or without cause, unless their positions are otherwise protected, for example, by contract, collective bargaining agreement, civil service tenure, or a fixed term." Id. at 710 (citing Siss v. Cnty. of Passaic, 75 F. Supp. 2d 325, 341 (D.N.J. 1999)).

Central to Plaintiff's procedural due process claim is that he had a legal entitlement to his job at the time of his suspension. However, as a public employee in New Jersey, Plaintiff could be fired with or without cause at any time. Plaintiff does not allege

that his job was somehow exempt from that rule (i.e., he had a contract, collective bargaining agreement, civil service tenure, or a fixed term). Therefore, even accepting Plaintiff's factual assertions and reasonable inferences drawn therefrom as true, and construing them to favor Plaintiff, the Court finds that Plaintiff has not alleged sufficient facts to survive the Motion to Dismiss. Therefore, Defendant Banks's Motion to Dismiss will be granted as to Plaintiff's procedural due process claim.

### c. The Equal Protection Clause

Plaintiff's claim of "unequal/unfair treatment" could also be construed as an Equal Protection Clause claim brought under § 1983. Since Plaintiff does not allege membership in a class or group, he would have to rely on the "class of one" theory of equal protection. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). To succeed on that theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 156 (3d Cir. 2018) (quoting Hill, 455 F.3d at 239). However, the Supreme Court has held that "the class-of-one theory of equal protection does not apply in the public employment context." Engquist v. Or. Dep't of Agric., 553 U.S. 591, 598, 605 (2008). Because Plaintiff's alleged injuries stem from his job as a public employee, he cannot successfully

rely on the class-of-one theory for his equal protection claim. Therefore, Defendant Banks's Motion to Dismiss that claim will be granted.

**V.     CONCLUSION**

For the reasons set forth above, the Court will dismiss Plaintiff's claims without prejudice. Plaintiff will be granted leave to amend his pleadings within 30 days of the entry of this Opinion, in order to attempt to cure the deficiencies identified herein. An appropriate Order shall issue.

| | |
|---|---|
| October 10, 2019 | s/Renée Marie Bumb |
| Date | RENÉE MARIE BUMB |
| | United States District Judge |